IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH CHARLES TURNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-22-476 |
| CPT. T. WRIGHT, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Keith Charles Turner, a Maryland inmate, has filed suit alleging that Defendant correction officers violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in deplorable housing and by failing to treat the injuries he sustained as a result. ECF No. 1. Defendants move to dismiss the claims or alternatively for summary judgment in their favor. ECF No. 19.[1] The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the following reasons, the Court denies the motion. The Court will also appoint pro bono counsel to represent Turner.

**I.   Background**

The Court accepts the Complaint facts as true and most favorably to Turner. On December 8, 2021, Defendant Captain Wright assigned Turner to administrative segregation and placed him in cell B-D403, which Turner alleges had been "condemned." ECF No. 1 at 2. In particular, the heater did not work and was leaking water. Sergeant Olatunji told Turner he would submit a work order to have the heater repaired. *Id.* at 2-3. Despite this, the heater was not repaired, and so for

---

[1] Counsel for Defendants also moved to strike the appearance of Assistant Attorney General Ari J. Kodeck. ECF No. 27. That motion shall be granted.

weeks, Turner suffered through freezing conditions. He also used dinner trays to collect the leaking water. *Id.*

On February 3, 2022, while Turner was cleaning up the leaking water, he "stepped … and felt the current." *Id.* Evidently, the water had reached his X-box and television wires, electrifying the water. *Id.* Turner told Defendant Officer Odufoye that he had been electrocuted; Odufoye responded that he would alert medical staff, but Turner was not taken to the medical unit for evaluation. *Id.*

Defendants submit evidence that a nearby cell B-D401, had been condemned. ECF No. 19-2 ¶ 3. Defendants also maintain that the previous inmate housed in Turner's cell had not reported any similar problems. *Id.* at ¶ 5. Defendants also claim, incorrectly, that Turner did not submit an Administrative Remedy Procedure ("ARP") grievance about this matter. *Compare id.* at ¶ 4 *with* ECF No. 25-1. Defendants also fault Turner for not submitting a sick call request after his injuries (ECF No. 19-1 at 3), however they do not appear to have provided the Court with a full set of Turner's medical records. ECF No. 19-1.

**II.     Standards of Review**

Defendants move to dismiss all claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment to be granted in their favor under Rule 56. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Pursuant to Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court" in connection with a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56," and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

A motion for summary judgment brought pursuant to Rule 56 shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial. *Bouchat*, 346 F.3d at 526.

### III.  Discussion

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Notably, it "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To be sure, "not all Eighth Amendment violations are the same:

3

some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (citation omitted).  In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97.

To demonstrate that prison officials acted with deliberate indifference, the plaintiff must show that he had been (1) "exposed to 'a substantial risk of serious harm," and (2) that the "prison official must know of and disregard that substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97-98 (quoting *Farmer*, 511 U.S. at 834, 837-38); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (stating that in order to establish cruel and unusual punishment in conditions of confinement, a prisoner must prove that "the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind").

As to the first prong, the plaintiff must adduce evidence of a "serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)); *accord De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).  Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).  As to the second prong, plaintiff must show that the defendant knew or recklessly disregarded a known excessive risk of harm to

4

the inmate's health or safety. *See Wilson*, 501 U.S. at 302-03 (applying the deliberate indifference standard to conditions of confinement claims); *see also Thompson*, 878 F.3d at 107. "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

Defendants argue that Turner's Complaint should be dismissed because he failed to exhaust administrative remedies and otherwise fails to state a valid claim. ECF No. 19-1 at 3-9. Additionally, they contend that Turner fails to establish liability against Captain Wright, and they misconstrue Turner's allegations against Officer Odufoye as solely a claim for failure to submit a work order. *Id.* at 5-8.

The Court begins with Defendants' most troubling assertion. They maintain, without factual support, that Turner "made no attempt to exhaust his administrative remedies." ECF No. 19-1 at 10. Yet Turner has provided this Court proof to the contrary. ECF No. 25-1. The documents reflect that Turner submitted an ARP complaining about being housed in a condemned cell, his electrocution, and his protracted difficulties in getting any officers to pay attention to his complaints. *Id.* at 2. Letters from the Commissioner of the Division of Correction also confirm that Turner was diligent in attempting to pursue his administrative remedies. *Id.* at 4, 7. Thus, this argument is a nonstarter.

Next, Defendants argue that as to Defendant Wright, Turner failed to allege "supervisory liability." ECF No. 19 at 7. The argument is misplaced. Turner does not pursue a "supervisory liability" theory against Wright. Rather, the Complaint alleges that Wright personally assigned Turner to cell B-D403 which was "on record for being condemned." ECF No. 1 at 2. Accordingly, Turner named Wright for his individual acts or omissions -- that Wright knowingly placed Turner

5

in an unhabitable cell during winter, with no heat and leaking water, where Turner stayed for weeks. ECF No. 1.

On this point, Defendants submit evidence reflecting that a nearby cell had been condemned. That another nearby was condemned certainly does not undermine Turner's allegations. If anything, that fact lends credence to the allegation insofar as it shows the prison had been experiencing infrastructure problems such that it needed to *condemn* at least one cell in proximity to Turner's. In short, the claim survives as to Defendant Wright.

As to Officer Odufoye, Defendants mistakenly assert that Turner "admits in his pleadings that Defendant Odufoye would contact maintenance," and thus could not have acted with deliberate indifference to Turner's need to be housed in habitable conditions. ECF No. 19-1 at 7. But the Complaint – which is neither long nor difficult to read – makes clear that Sgt. Olatunji, not Odufoye, "said that he would put an [sic] work order in and get it fixed right away." ECF No. 1 at 2-3.[2] Odufoye, in contrast, was the guard who promised Turner to alert medical after he had been electrocuted, but instead fell asleep after serving breakfast. *Id.* at 3. Defendants' offer no meaningful argument as to Odufoye, and so the claim survives as to him.

Last, Defendants include facts which appear designed to obfuscate rather than clarify the issues. Defendants note that another inmate previously housed in Cell B-D403 had no complaints about his living conditions, and that Turner has separately been sanctioned for fighting. ECF No. 19-1 at 2. These facts lack no real probity on whether Turner's living conditions led to his electrocution for which he received no medical treatment. Defendants' motion must be denied.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss or, in the

---

[2] Turner did not name Sgt. Olatunji as a defendant.

Alternative, Motion for Summary Judgment.  Additionally, because Turner proceeds *in forma pauperis* and remains incarcerated, he could not continue this case without the assistance of counsel.  Thus, counsel shall be appointed to represent him.  *See* 28 U.S.C. § 1915(e)(1) (the Court may request an attorney to represent any person proceeding in forma pauperis who is unable to afford counsel); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (stating that courts appoint counsel only in exceptional circumstances).  Within 21 days from appointment, counsel for Turner shall promptly review the pleadings, file an amended complaint, and engage in a good faith meet-and-confer regarding a mutually agreeable schedule regarding the progress of this case.  Thereafter, the parties shall file a joint written status report setting forth proposed discovery and dispositive motions deadlines.

      Defendants' Motion to Strike appearance of prior counsel (ECF No. 27) is granted.  A separate Order follows.

| | |
|---|---|
| 6/28/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |